**BOCHETTO & LENTZ, P.C.**
By:   Gavin P. Lentz, Esquire
Attorney I.D. No. 53609
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. HAZLETT**<br>82 Cherry Lane<br>Souderton, PA 18964<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>**CONTINENTAL AIRLINES, INC.**<br>2929 Allen Parkway<br>Suite 1562<br>Houston, TX   77019<br><br>　　　and<br>**JOHN DOE CONTINENTAL AIRLINES<br>AGENTS/ EMPLOYEES**<br>2929 Allen Parkway<br>Suite 1562<br>Houston, TX  77019<br>　　　　　Defendants. | NO. _____<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED.** |

## **COMPLAINT**

**AND NOW**, comes Plaintiff, by and through undersigned counsel, Bochetto & Lentz, P.C. and avers as follows in support of his Complaint against the Defendants:

**I.  JURISDICTION AND VENUE**

　　1.　　Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332, in that Plaintiff, James Hazlett, is a citizen of Pennsylvania, the amount in controversy

exceeds $75,000, exclusive of interest and costs and all Defendants are citizens of the State of Texas.

2. Venue is proper in this district pursuant to 28 U.S.C. sec. 1391(b), in that, the round trip tickets were purchased here, Plaintiff resides here and almost all of plaintiff's medical treatment as a result of the accident occurred in this District.

3. Venue is also proper here pursuant to 28 U.S.C. sec. 1391 (c), in that, Defendant has numerous business contacts here.

## II. THE PARTIES

4. Plaintiff, James Hazlett ("Mr. Hazlett"), is an adult individual residing at 82 Cherry Lane, Souderton, PA 18964 in the Eastern District of Pennsylvania.

5. Defendant, Continental Airlines, Inc. ("Continental") is a corporation with executive offices at 2929 Allen Parkway, Suite 1562, Houston, TX.

6. Defendant, John Doe Continental Airlines Agent/Employees ("John Doe Employees") are the authorized employees of Continental who also may be served at 2929 Allen Parkway, Suite 1562, Houston, TX.

## III. THE FACTS

7. On or about August 28, 2000, Mr. Hazlett was a ticketed passenger on Continental Airlines Flight #3582 from Newark to Rhode Island.

8. The ticket for this Continental flight was purchased in the State of Pennsylvania in the Eastern District.

9. When the Continental flight in question landed at its destination, the plaintiff and other passengers were instructed to exit the plane a great distance from the terminal,

using a portable stair set which was rolled up to the side of the plane by the defendants named herein.

10. At no time was the plaintiff properly assisted in using the stairs which were unsafe, insecure, unreasonably dangerous and defective as set forth more fully below.

11. As a direct and proximate result of the negligence of defendants set forth more fully below, plaintiff fell over the side of the stairway, landed on his head and crushed his face and jaw on the pavement causing permanent injuries.

12. Defendants' negligent included, but was not limited to the following:

(a) Failing to properly supervise and assist passengers off the airplane, causing plaintiff to fall over the side of the stairway and smash his face on the pavement and severely shatter his jaw on both sides.

(b) Defendant's steps were also improperly maintained, were excessively steep, did not have adequate handrails or other security devices which -- combined with insufficient passenger assistance -- which proximately caused plaintiff to fall over the edge of the steps and smashing his face on the pavement below.

(c) At all times material hereto, Defendants also failed to take proper security measures to pad, restrict, enclose or otherwise assure that the exit area from the flight 3582 was safe so as to avoid serious injuries befalling the plaintiff.

13. Due to his serious injuries, Mr. Hazlett was taken immediately to Rhode Island Hospital via ambulance.

14. As a direct and proximate result of defendants' conduct, plaintiff suffered permanent injuries to his jaw, had to undergo extensive surgery to have his jaw repaired and wired shut. In addition, plaintiff is now going to have his teeth replaced due to the injuries to his jaw. Said replacement will also take place in Pennsylvania.

15. As a direct and proximate result of defendants' negligence, plaintiff continues to suffer severe pain and suffering a result of the injury, as well as a loss of earnings, a loss of time from work, and loss of vacation time.

16. Presently, Plaintiff is continuing to experience severe pain and is in need of substantial medical care, including additional surgeries and a replacement of all of his teeth.

17. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a loss of past and future earnings plus increased medical expenses.

## COUNT I

## NEGLIGENCE

### HAZLETT v. CONTINENTAL and JOHN DOE AIRLINE EMPLOYEES

18. Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein at length.

19. Defendants, as a common carrier, owed the highest duty of care to the plaintiff.

20. Defendants willfully breached their duty to Plaintiffs by not following proper procedures in assuring its passengers were given a safe means of exiting flight 3582.

21. Defendants' negligent failure to follow requires safety procedures was the proximate cause of all of Plaintiffs' injuries set more fully above.

22. Defendants' failure to properly maintain its stairway in a safe and proper working order proximately caused Plaintiffs' injuries.

23. Defendants' failure to properly train and supervise its employees in emergency procedures proximately caused Plaintiffs' injuries.

24. Defendants' use of unreasonably dangerous movable steps to exit passengers from the defendants' plane proximately caused plaintiff's injuries.

**WHEREFORE,** Plaintiffs request judgment in their favor and against Defendants in an amount in excess of the applicable federal arbitration limits plus interest, costs, attorneys fees and other such relief as the court deems just.

## COUNT II

## NEGLIGENT SUPERVISION

## HAZLETT v. CONTINENTAL

25. Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein at length.

26. As a common carrier, defendants owed the highest duty of care to the plaintiff.

27. Defendants breached this duty causing plaintiff's injuries.

28. Defendants' failure to properly maintain its stairway in a safe and proper working order proximately caused Plaintiffs' injuries.

29. Defendants' failure to properly train and supervise its employees in emergency procedures proximately caused Plaintiffs' injuries.

30. Defendants' use of unreasonably dangerous movable steps to exit passengers from the defendants' plane proximately caused plaintiff's injuries.

31. Defendants' failure to supervise its agents and employees who assisted plaintiff and others off flight 3582 proximately caused plaintiff's injuries.

**WHEREFORE,** Plaintiffs request judgment in their favor and against Defendant in an amount in excess of the applicable federal arbitration limits plus interest, costs, attorneys fees and other such relief as the court deems just.

## DEMAND FOR JURY TRIAL

Trial by a Jury of twelve (12) persons is demanded as to all issues.

                                                  Respectfully submitted,

                                                  **BOCHETTO & LENTZ, P.C.**

By: _____
       Gavin P. Lentz, Esquire
       Attorney for Plaintiff