**BOCHETTO & LENTZ, P.C.**
By:   Gavin P. Lentz, Esquire
Attorney I.D. No.: 53609
1524 Locust Street
Philadelphia, PA 19102         Attorney for Plaintiff
(215) 735-3900

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO.: 02-CV-4840 |
| EXPRESSJET AIRLINES, INC., et, al. | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

## ORDER

**AND NOW**, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to Compel Defendants to answer Plaintiff's Interrogatories Nos. 8 and 9 and provide *unredacted* versions of witness statements, Defendant's Response thereto, if any, and the record as a whole, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that Defendant shall provide *unredacted* versions of the witness statements of Lou Iannela and Rick Duda within seven (7) days of the entry of this order or suffer sanctions as this Court deems just.

It is further **ORDERED** and **DECREED** that Defendant shall provide full and complete answers to Plaintiff's Interrogatories Nos. 8 and 9 within seven (7) days of the entry

of this order or suffer sanctions as this Court deems just.

It is further **ORDERED** and **DECREED** that Defendant shall provide all documents of any investigation that was conducted in the ordinary course of business relating to this accident, including the e-mail from Cindy P. Williams to Nancy Tibbits, dated August 31, 2000, within seven (7) days of the entry of this order or suffer sanctions as this Court deems just.

It is further **ORDERED** and **DECREED** that Defendant shall provide a complete copy of the Ground Handling Manual within seven (7) days of the entry of this order or suffer sanctions as this Court deems just.

BY THE COURT:

_____
U.S. D.,  J.

**BOCHETTO & LENTZ, P.C.**
By:     Gavin P. Lentz, Esquire
Attorney I.D. No.: 53609
1524 Locust Street
Philadelphia, PA 19102                                   Attorney for Plaintiff
(215) 735-3900

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO.: 02-CV-4840 |
| EXPRESSJET AIRLINES, INC., et, al. | : |
| Defendants. | : **JURY TRIAL DEMANDED** |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES NOS. 8 AND 9 AND PROVIDE <u>UNREDACTED VERSIONS OF WITNESS STATEMENTS</u>

Plaintiff, James M. Hazlett ("Plaintiff") by and through undersigned counsel, Bochetto & Lentz, P.C., hereby summits his Motion to Compel Defendants to answer Plaintiff's Interrogatories Nos. 8 and 9 and provide unredacted versions of witness statements, and in support thereof, avers as follows:

1. This litigation was instituted on or about July 2002 and arises out of an accident that occurred on August 28, 2000, when Plaintiff, James Hazlett, fell over the side of the stairway while exiting from a small commuter airplane and crushed his jaw on the pavement. As a result, Mr. Hazlett sustained permanent injuries to his jaw, had to undergo surgeries to have his jaw repaired and wired shut.

Plaintiff also had to replace all of his teeth.

2. On or about October 3, 2002, Plaintiff submitted his first discovery requests in the nature of Interrogatories and Requests for Production of Documents. (See Letter, dated October 3, 2002 and accompanying discovery requests, attached hereto as Exhibit "A.")

3. On December 23, 2002, Defendant provided answers to Plaintiff's discovery requests. (See Def. Answers to Plaintiff's discovery requests, attached hereto as Exhibit "B.")

4. Defendant also provided in response to Plaintiff's Interrogatory No. 9 and Plaintiff's Requests for Production of Documents No. 1, several witness statements of the ramp agents who witnessed Mr. Hazlett fall. However, some portions of these witness statements were redacted. (See Witness statements, attached hereto as Exhibit "F.")

5. In addition, Defendant's answer to Interrogatory No. 8 was evasive and incomplete.

6. Interrogatory Nos. 8 requests information about similar type of accidents.

7. Defendant objected to this interrogatory on the basis of relevancy.

8. On December 31, 2002, Plaintiff requested, in writing, full and complete answers to Interrogatories Nos. 8 and 9 and to provide <u>unredacted</u> versions of the witness statements. (See Letter, dated December 31, 2002, attached hereto as Exhibit "C.")

9. In response thereto, Defendant objected on the basis of relevancy and work product privilege. (See Letter, dated January 10, 2003, attached hereto as

Exhibit "D.")

10. On January 30, 2003, Plaintiff again requested full and complete answers to some of Plaintiff's discovery requests, after fully clarifying his position why Plaintiff's requests are discoverable. (See Plaintiff's Letter, dated January 30, 2003, attached hereto as Exhibit "E.")

11. Specifically, Plaintiff is entitled to <u>unredacted</u> versions of witness statements that were given in the regular course of business and not in anticipation of litigation. *See, e.g., Schroeder v. General Dynamics Corporation*, 90 F.R.D. 253 (D. Nev. 1980) (stating that "[i]f in connection with an accident or event, a business conducts an investigation for its own purposes, the resulting investigative report is producible in civil pretrial discovery.")

12. In addition, Plaintiff is also entitled to any evidence or documentation of similar accidents that involve the stairway at issue. Said evidence is relevant to the issue of notice of a defective condition.

13. No response to Plaintiff's letter, dated January 30, 2003 has been received as of this date.

14. Defendant's failure to provide full and complete answers to some of Plaintiff's discovery requests is a direct violation of the Federal Rules of Civil Procedure.

15. Said discovery concerns matters solely within the knowledge and control of the party or parties to whom it is addressed and is essential to movant's preparation for trial.

**WHEREFORE**, Plaintiff, James Hazlett, moves this Honorable Court to enter an Order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling Defendants to provide full and complete answers to the aforementioned discovery within seven (7) days or

suffer such sanctions as the Court might deem just.

                        Respectfully submitted,

                        **BOCHETTO & LENTZ, P.C.**

                        By: _____
                            Gavin P. Lentz, Esquire
                            Vincent van Laar, Esquire
                            Attorneys for Plaintiff

**BOCHETTO & LENTZ, P.C.**
By:    Gavin P. Lentz, Esquire
Attorney I.D. No.: 53609
1524 Locust Street
Philadelphia, PA 19102                                    Attorney for Plaintiff
(215) 735-3900

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO.: 02-CV-4840 |
| EXPRESSJET AIRLINES, INC., : | |
| et, al. : | |
| : | |
| Defendants. : | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES
NOS. 8 AND 9 PROVIDE UNREDACTED VERSIONS OF WITNESS STATEMENTS**

**INTRODUCTION**

This litigation arises out of an accident that occurred on August 28, 2000, when Plaintiff, James Hazlett, fell over the side of the stairway while exiting from a small commuter airplane and crushed his jaw on the pavement. In this motion, Plaintiff seeks the discovery of the following information: (1) full and complete answers to Plaintiff's Interrogatory No. 8, which requests information of similar accidents; (2) copies of unredacted witness statements; and (3) all documents of any investigation that was conducted in the ordinary course of business relating to this accident, including the e-mail from Cindy P. Williams to Nancy Tibbits, dated August 31, 2000 (See Interrogatory No. 9 and Request for Production of

Documents No. 1).

## RELEVANT FACTUAL BACKGROUND

Plaintiff hereby incorporates by reference all paragraphs previously set forth in Plaintiff's Motion to Compel as though fully set forth at length herein.

## ARGUMENT

### A. The Rules for Discovery Are Broadly And Liberally Construed

Federal Rule of Civil Procedure 26(b)(1) governs the broad scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence

*See* Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction. *Buffington v. Gillette Co.*, 101 F.R.D. 400 (W.D.Okla.1980). *See also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, at 124 (M.D.N.C.1989); Wright & Miller, 8 Federal Practice and Procedure § 2008 (1970) ("[I]t is not too strong to say that a request for discovery should be

considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.")

The facts and circumstances of a case determine and limit the relevancy of information sought in discovery. *Continental Access Control Systems, Inc. v. Racal-Vikonics, Inc.*, 101 F.R.D. 418 (E.D.Pa.1983); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 61 (E.D.Pa.1979). Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, *see Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y.1973), the determination of relevance is within the district court's discretion. *Bowman v. General Motors Corp.*, 64 F.R.D. 62 (E.D.Pa.1974).

More importantly, the burden to explain the objections rests on the resisting party. As the court stated in *Phillips v. Dale*, 1987 W.L. 9650 (E.D. Pa. Apr. 16, 1987),

> [i]t is the burden of the resisting party to clarify and explain their objections and to supply support for them. A conclusory statement that the discovery sought is irrelevant, nor likely to lead to the discovery of relevant information, overly broad, burdensome, oppressive and sought in bad faith will not suffice. Rather, the resisting party must show how, given the broad and liberal reading afforded the Federal Rules of discovery, each … document request is irrelevant.

*Id*. at *2; *see also Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

Similarly when a party objects on the basis of privilege, the burden of proof is on the party asserting the privilege. *Teletron, Inc. v. Alexander*, 132 F.R.D. 394, 396 (E.D. Pa. 1990). Moreover, "when information is withheld on a claim of privilege, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced or disclosed in a manner that . . .will enable other parties to assess the applicability of the privilege or protection." *See* Fed. R. Civ. P. 26

(b)(5).

    1.  **The Court Is Empowered to Order Complete Responses to Document Requests Pursuant to Fed. R. Civ. P. 37(a)(2).**

When a party fails to adequately respond to a proper discovery request, the Court is empowered to compel a response. Fed. R. Civ. P. 37(a)(2).

Rule 37(a)(2) of the Federal Rules of Civil Procedure provides in part the following:

> **(a) Motion For Order Compelling Disclosure or Discovery.**
> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
> 
>    \* \* \*
> 
> (2) Motion.
> 
> (A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

*See* Fed. R. Civ. P. 37(a)(2). The purpose of the modern discovery rules is to allow the parties to obtain the fullest possible knowledge of the issues and facts before trial. *Grinnell Corp. v. Hackett*, 70 F.R.D. 326 (D.R.I. 1976). The modern discovery rules mandate a liberality in the scope of discoverable material. Both parties should be provided with information essential to proper litigation on all of the relevant facts. *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y. 1973).

  B.  **ExpressJet Airlines Should Provide Full and Complete Responses to Plaintiff's Interrogatory No. 8.**

Plaintiff's Interrogatory No. 8 requests the following:

> Please state whether any similar accidents have occurred that involved the stairway at issue or a similar type of stairway, at any time in the past seven (7) years from the date of this interrogatory.

(See Exhibit "A."). In response thereto, Defendant answered as follows:

> Objection. Defendant objects to this Interrogatory as overly broad and burdensome. By way of further objection, Defendant objects to this Interrogatory as it seeks information which is irrelevant and not calculated to lead to the discovery of admissible evidence.

(See Exhibit "B.") Defendant's objection on the basis of relevancy has no merit.

It is well established in Pennsylvania that '. . . evidence of the occurrence of similar accidents is admissible, in the sound discretion of the trial judge, for the purpose of establishing . . ., (2) their cause, (3) the ***imputation of notice*** to the owner of the place where they occurred, and (4) the likelihood of injury.' *DiFrischia v. New York Cent. R. R. Co.*, 307 F.2d 473, 476 (3 Cir. 1962) (Emphasis added.) Courts have ordered parties to make available in discovery reports within their control of accidents in similar circumstances. *See Sturdevant v. Erie- Lackawanna R. R. Co.*, 50 F.R.D. 3 (E.D.Pa.1970); *Hammill v. Hyster Co.*, 42 F.R.D. 173 (E.D.Wis.1967). *See, e.g., Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3rd Cir.1982) (held reversible error to deny discovery of other persons injured by printing press which allegedly injured plaintiff, as well as nine other models of printing presses--noting the distinction between admissibility and discoverability under Federal Rule of Civil Procedure 26(b)(1).); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir.1977) (trial court committed reversible error in denying plaintiff's motion to compel manufacturer to provide information sought by interrogatory concerning any accidents with backhoe or similar model in view of distinction between discoverability and admissibility.) Clearly, evidence or documentation of similar accidents are relevant and discoverable as to the issue of notice of a defective condition.

Therefore, Defendant should provide a full and complete answer to Plaintiff's Interrogatory No. 8.

C. **ExpressJet Airlines Should Provide Full and Complete Responses to Plaintiff's Interrogatory No.9 and Request for Production No. 1 and Should <u>Provide Unredacted Versions of Witness Statements.</u>**

Plaintiff's Interrogatory No. 9 requests the following:

> Please state whether any type of investigation, or inquiry was conducted or performed after the accident, as it related to Plaintiff's severe injuries sustained on August 28, 2000.
>
> (a) if so, please provide all documents and photographs relating thereto.
> (b) if not, please state any and all reasons for not conducting said investigation or inquiry.

(See Exhibit "A."). In response thereto, Defendant answered as follows:

> Objection. Defendant objects to this Interrogatory as it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Defendant investigated this claim and such investigation included gathering statements and speaking with witnesses. By way of further answer, see all relevant non-privileged documents produced in response to Plaintiff's Requests for Production.[1]

(See Exhibit "B.") In response to Interrogatory No. 9, Defendant also produced recorded statements of two witnesses, Lou Iannella and Rick Duda, who were the ramp agents at the time of the accident and witnessed Plaintiff fall. (See Witness Statements, attached hereto as Exhibit "F.") These written statements were taken on September 6, 2000, before any litigation was instituted and were *redacted*.

The law, however, provides that "[i]f a party is involved in an event that may potentially lead to litigation, all documents which are subsequently prepared in regard to that event are not necessarily immune from discovery." *See e.g., Janniker v. George Washington*

---

[1] Plaintiff's Request for Production No. 1 covered the same subject matter as Interrogatory No.9. (See Exhibit "A.") Defendant's response was however incomplete.

*University*, 94 F.R.D. 648 (D.C.1982). In that regard, "[i]f in connection with an accident or event, a business conducts an investigation for its own purposes, the resulting investigative report is producible in civil pretrial discovery." *See, e.g., Schroeder v. General Dynamics Corporation*, 90 F.R.D. 253 (D. Nev. 1980).

 In *Schroeder*, the magistrate observed:

> The fact that Defendant anticipates the contingency of litigation following a crash of one of its aircraft does not automatically qualify Defendant's 'in house" report as work product. Certainly litigation is a contingency to be recognized by any aircraft accident. However, given the equally reasonable desire of Defendant to improve its aircraft products, to protect future pilots and passengers of its aircraft, to guard against adverse publicity in connection with such aircraft crashes, and to promote its own economic interest by improving its prospect for future contracts for production of said aircraft, it can hardly be said that Defendant's' in house' report is not prepared in the ordinary course of business."

*Id*. at 255. Here, like in *Schroeder*, any reports or investigations relevant to the accident are discoverable and should be produced. This, of course, should include an <u>unredacted</u> version of the interviews of Lou Iannella and Rick Duda, who were interviewed, like in *Schroeder*, in the ordinary course of business. In addition, the e-mail from Cindy P. Williams to Nancy Tibbits, dated August 31, 2000 should also be produced because it was conducted before any litigation was instituted and was prepared in the ordinary course of business.

 Therefore, Defendant's objection on the basis of work product privilege has no merit and all responsive documents to Plaintiff's Request for Production of Documents No. 1 and Interrogatory No. 9 must be produced.

## **CONCLUSION**

 Based on the foregoing, Plaintiff James Hazlett respectfully request this Honorable Court to grant Plaintiff's Motion to Compel and Order the Defendant to provide full and complete responses to Interrogatory Nos. 8 and 9 and to produce all responsive documents

within seven (7) days of the entry of this Order or further suffer sanctions.

                                                          Respectfully submitted,

                                                          **BOCHETTO & LENTZ, P.C.**

                                                          By:_____
                                                              Gavin P. Lentz, Esquire
                                                              Vincent van Laar, Esquire

Date:

**BOCHETTO & LENTZ, P.C.**
By:   Gavin P. Lentz, Esquire
Attorney I.D. No.: 53609
1524 Locust Street
Philadelphia, PA 19102                    Attorney for Plaintiff
(215) 735-3900

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. HAZLETT** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO.: 02-CV-4840 |
| **EXPRESSJET AIRLINES, INC.**, : | |
| et, al. : | |
| : | |

## RULE 26(c) CERTIFICATE OF COUNSEL

_____I, Vincent van Laar, Esquire, hereby certify that Plaintiff's counsel has on several occasions discussed the issues raised in Plaintiff's attached Motion in and effort to resolve them. Despite good faith efforts, the parties fundamentally disagree over the issues and could not reach a resolution.


Date: _____                          _____
                                            Vincent van Laar, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, February 12, 2003, a true and correct copy of Plaintiff's Motion to Compel Defendants to answer Plaintiff's Interrogatories Nos. 8 and 9 and provide unredacted versions of witness statements, was served by hand delivery upon counsel for Defendants at the following address:

>Ann Thorton Field, Esquire
>Cozen & O'Connor
>1900 Market Street
>Philadelphia, PA 19103

Date: February 12, 2002         By:_____
                                   Vincent van Laar, Esquire