UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT, | : |
| Plaintiff, | : |
| | : No. 02-CV-4840 |
| v. | : |
| | : |
| EXPRESS JET AIRLINES, INC. et al. | : |
| | : |
| Defendants. | : JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatories Nos. 8 and 9 and to Provide Unredacted Versions of Witness Statements, and Defendant's response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.

**BY THE COURT:**

_____, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT, : | |
| Plaintiff, : | |
| : | No. 02-CV-4840 |
| v. : | |
| EXPRESS JET AIRLINES, INC. et al. : | |
| Defendants. : | JURY TRIAL DEMANDED |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES NOS. 8 AND 9 AND TO PROVIDE UNREDACTED VERSIONS OF WITNESS STATEMENTS

Defendant ExpressJet Airlines, Inc. ("ExpressJet"), by and through its undersigned attorneys, hereby files this response to Plaintiff's Motion to Compel and in support thereof avers as follows:

1. Admitted in part, denied in part. It is admitted only that Plaintiff instituted this litigation by complaint on or about July 19, 2002. The remaining averments of Paragraph 1 constitute conclusions of law to which no response is required and therefore, said averments are denied. To the extent any response is required, the averments of this Paragraph are denied.

2. Admitted.

3. Admitted.

4. Admitted that Defendant produced witness statements and that the witness statements of Lou Iannella and Rick Duda were properly redacted.

5. Denied. The averments in Paragraph 5 of Plaintiff's Motion constitute conclusions of law to which no response is required and therefore, said averments are denied.

By way of further response, it is specifically denied that Defendant's answer to Interrogatory No. 8 was evasive and incomplete. To the contrary, Defendant's answer to Interrogatory No. 8 was complete and in accordance with the Rules of Civil Procedure.

      6.     Denied. The averments in Paragraph 6 of Plaintiff's Motion refer to a document in writing which speaks for itself and therefore, any attempts to construe or interpret said document are denied. By way of further response, Plaintiff failed to define what is meant by "similar".

      7.     Denied. The averments in Paragraph 7 of Plaintiff's Motion refer to a document in writing which speaks for itself and therefore, any attempts to construe or interpret said document are denied. By way of further response, Defendant objected to Interrogatory No. 8 on grounds that the Interrogatory was overly broad and burdensome and sought information which was irrelevant and not calculated to lead to the discovery of admissible evidence.

      8.     Denied. The averments in Paragraph 8 of Plaintiff's Motion rely on a document in writing which speaks for itself and therefore, any attempts to construe or interpret said document are denied.

      9.     Denied. The averments in Paragraph 9 of Plaintiff's Motion rely on a document in writing which speaks for itself and therefore, any attempts to construe or interpret said document are denied.

      10.     Denied. The averments in Paragraph 10 of Plaintiff's Motion rely on a document in writing which speaks for itself and therefore, any attempts to construe or interpret said document are denied.

      11.     Denied. The averments in Paragraph 11 of Plaintiff's Motion constitute conclusions of law to which no response is required and therefore, said averments are denied.

12. Denied. The averments in Paragraph 12 of Plaintiff's Motion constitute conclusions of law to which no response is required and therefore, said averments are denied.

13. Denied. On February 12, 2003, counsel for Defendant forwarded a copy of the ramp manual requested by Plaintiff.

14. Denied. The averments in Paragraph 14 of Plaintiff's Motion constitute conclusions of law to which no response is required and therefore, said averments are denied. By way of further response, it is specifically denied that Defendant failed to provide full and complete answers to Plaintiff's discovery requests.

15. Denied. The averments in Paragraph 15 constitute conclusions of law to which no response is required and therefore, said averments are denied.

WHEREFORE, Defendant ExpressJet requests that this Honorable Court deny Plaintiff's Motion to Compel Defendants to Answer Interrogatories Nos. 8 and 9 and to provide unredacted versions of witness statements.

Respectfully submitted,

COZEN O'CONNOR

BY:_____
Denise Houghton, Esquire
Identification No. 54989
Sara Anderson Frey, Esquire
Identification No. 82835
1900 Market Street, The Atrium
Philadelphia, PA 19103
(215) 665-2000

Attorney for Defendant
ExpressJet Airlines, Inc.

Dated: February 26, 2003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT, : | |
| Plaintiff, : | |
| : | No. 02-CV-4840 |
| v. : | |
| : | |
| EXPRESS JET AIRLINES, INC. et al. : | |
| Defendants. : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER
INTERROGATORIES NOS. 8 AND 9 AND TO PROVIDE UNREDACTED
VERSIONS OF WITNESS STATEMENTS**

Defendant ExpressJet Airlines, Inc., by and through its undersigned counsel, hereby files this Memorandum of Law in Support of its Response to Plaintiff's Motion to Compel Defendants to Answer Interrogatories Nos. 8 and 9 and to Provide Unredacted Versions of Witness Statements. For the following reasons, Plaintiff's Motion must be denied.

**I.    INTRODUCTION**

Plaintiff, James Hazlett, filed this action against Defendant ExpressJet Airlines, for injuries allegedly received after falling while exiting Defendant's aircraft.

On or about October 3, 2002, Plaintiff served ExpressJet with Interrogatories and Requests for Production of Documents. ExpressJet filed responses to Plaintiff's Interrogatories and produced documents in response to Requests for Production on December 23, 2002.

Plaintiff has filed the instant motion seeking to compel (1) unredacted versions of the witness statements; (2) full and complete answers to Interrogatories Nos. 8 and 9, (3) emails dated August 31, 2000, and (4) a ground handling manual. On February 12, 2003, Defendant

provided Plaintiff with a copy of the ground handling manual and therefore, Plaintiff's request for the manual is moot. In addition, Defendant will provide the unredacted witness statements.

What remains are Plaintiff's requests with respect to Interrogatories Nos. 8 and 9 and the email. For the following reasons, Plaintiff's Motion must be denied.

## II.   LEGAL ARGUMENT

Under Rule 26, a party may obtain discovery "regarding any matter, **not privileged, that is relevant** to the claim or defense of any party." F.R.C.P. 26(b)(1) (emphasis added). Although the scope of discovery under the Federal Rules of Civil Procedure is broad, the scope "is not unlimited." McGrath v. City of Philadelphia, 1994 WL 45162, *1 (E.D. Pa. Feb. 10, 1994). It is well established that discovery will not be permitted where the information sought is "irrelevant to the claims at issue in the case . . . or where the requests are unduly burdensome." Id.

### A.   Defendant Properly Objected to Interrogatory No. 8.

In Interrogatory No. 8, Plaintiff has requested information regarding any "similar accidents" that have occurred that involved the stairway at issue or a "similar type" of stairway at any time in the past seven years from the date of the interrogatory. Defendant objected to this Interrogatory on grounds that the Interrogatory was overly broad and burdensome and sought information which was irrelevant and not calculated to lead to the discovery of admissible evidence.

First, Plaintiff failed to define "similar accidents" or "similar type of stairway." These phrases are vague and ambiguous and would require Defendant to put on Plaintiff's hat to respond. A party is not obligated to respond to a discovery request which contains vague or ambiguous statements. Northern v. City of Philadelphia, 2000 U.S. Dist. LEXIS 4278 (E.D. Pa.

April 4, 2000). To require Defendant to respond to such an ambiguous request would only confuse the litigation.

Moreover, the events surrounding Plaintiff's accident are disputed and therefore, it is impossible to determine the meaning "similar accidents." Defendant does not know whether Plaintiff means accidents caused by falling, tripping, pushing, dizziness, or any other number of factors which could contribute to an accident. See Carotenuto v. Emerson Electric Co., 1990 U.S. Dist. LEXIS 17679 (E.D. Pa. Dec. 28, 1990) (sustaining defendant's objections to plaintiff's interrogatory requesting complaints about "similar injuries", as the phrase "well may encompass countless accidents and incidents of widely differing sorts, and involving products not even remotely similar to the one that allegedly caused the injury in this case").

Second, information regarding accidents related to "similar" stairways is completely irrelevant. Whether accidents occurred on stairways other than the stairway involved in the accident alleged in Plaintiff's Complaint is completely unrelated to whether the stairway at issue was somehow defective. Stairways differ in features and accidents that occur on "similar" stairways have no bearing on the relevant issues in this matter.

Finally, Plaintiff's request for accidents which occurred after the accident described in the complaint is improper. Plaintiff argues that such information is relevant to impute notice. Accidents which occurred after the accident, however, have no bearing on notice to Defendants before the accident.

Consequently, Defendant's objections to Interrogatory No. 8 must be sustained.

**B.    Defendant Has Fully and Completely Responded to Interrogatory No. 9.**

In Interrogatory 9, Plaintiff inquires as to whether an investigation was conducted after Plaintiff's accident and if so, Plaintiff requests all documents relating to the investigation.

3

In response, Defendant responded that it did investigate Plaintiff's claim and that such investigation included gathering statements and speaking with witnesses.

Defendant has fully and completed answered Interrogatory No. 9. Plaintiff inquired as to whether an investigation was conducted. Defendant answered completely that such an investigation had been conducted and that the investigation consisted of gathering statements and speaking with witnesses.

With respect to the production of documents from this investigation, Defendant produced all documents with the exception of emails from Risk Management employees and the redacted witness statements. Defendant has agreed to provide unredacted copies of those statements. As discussed below, Plaintiff is not entitled to the emails, which are protected by the attorney-client privilege and work product doctrine. Consequently, with the exception of the emails, Plaintiff has all documents relating to Defendant's investigation.

As such, Plaintiff's Motion with respect to Interrogatory No. 9 must be denied.

C.  **Plaintiff is Not Entitled to Emails Protected by the Attorney-Client Privilege and Work Product Doctrine.**

In responding to Plaintiff's discovery requests, Defendant withheld emails dated September 6, 2000 from Cindy Williams of Continental Airlines to Nancy Tibbits of Continental's Risk Management Department.[1] The emails were withheld on the basis of the attorney-client privilege and work product doctrine.

The emails were created by a party's representative and contain the mental impressions and legal theories concerning the investigation of the anticipated litigation. Such information is protected from discovery under the Federal Rules of Civil Procedure. See F.R.C.P. 26(b)(3). Moreover, the emails contain references to counsel and such communications

---

[1] The date of the emails is incorrectly identified as August 31, 2000 on Defendant's privilege log. The correct date of the emails is September 6, 2000.

4

are protected by the attorney-client privilege. As such, Plaintiff is not entitled to this information and Defendant's objection must be sustained.

### III. CONCLUSION

For all the foregoing reasons, ExpressJet Airlines, Inc., respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel Answers Plaintiff's Interrogatories Nos. 8 and 9.

                COZEN O'CONNOR

                BY:_____
                 Denise Houghton, Esquire
                 Identification No. 54989
                 Sara Anderson Frey, Esquire
                 Identification No. 82835
                 1900 Market Street, The Atrium
                 Philadelphia, PA  19103
                 (215) 665-2000

                 Attorney for Defendant
                 ExpressJet Airlines, Inc.

Dated: February 26, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendant, ExpressJet Airlines, Inc. do hereby certify that a copy of the foregoing Response to Plaintiff's Motion to Compel has been served upon opposing counsel via United States first class mail this 26th day of February, 2003 as follows:

Gavin P. Lentz, Esquire
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102

_____
Sara Anderson Frey, Esquire