**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES M. HAZLETT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 02-4840 |
| | : | |
| v. | : | |
| | : | |
| EXPRESS JET | : | |
| AIRLINES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of March, 2003, upon consideration of the Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatories Nos. 8 and 9 and Provide Unredacted Versions of Witness Statements and the response thereto, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part, as follows:

1) Defendant shall provide unredacted versions of the witness statements of Lou Iannela and Rick Duda within ten (10) days of the date of this Order;

2) Defendant shall provide a complete copy of the Ground Handling Manual within ten (10) days of the date of this Order.[1]

---

[1] It appears to this Court that Defendant does not object to providing unredacted versions of witness statements and a copy of the Ground Handling Manual. With regard to Plaintiff's Interrogatories, we agree with Defendant's arguments and find that Interrogatory No. 8 is overly broad. In addition, information about accidents that occurred after Plaintiff's incident would not tend to show imputation of notice to the owner. We also find that Interrogatory No. 9 has been adequately answered. Furthermore, we find that the emails between Cindy Williams and Nancy Tibbits were properly withheld on the basis of

```
                              BY THE COURT:


                              _____
                              J. CURTIS JOYNER, J.
```

---

attorney-client privilege and work product privilege. <u>See</u> Fed. R. Civ. P. 26.