**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES M. HAZLETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EXPRESSJET AIRLINES, INC. et al.<br><br>　　　　　Defendants. | :<br>:<br>:<br>:　No. 02-CV-4840<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT EXPRESSJET AIRLINE'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant ExpressJet Airlines, Inc. ("ExpressJet") hereby files this Reply Brief in response to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

**A.**　**The Federal Aviation Act Preempts Plaintiff's Claims**

Plaintiff attempts, without support, to limit the holding in Abdullah to claims involving the *operation* of aircraft. While the regulation at issue in Abdullah involved the operation of aircraft, nothing in the Third Circuit's opinion states that preemption only applies to claims involving the operation of aircraft. To the contrary, the Abdullah court held that the **entire field** of aviation safety was preempted by the FAA.

This fact is confirmed by this Court's holding in Margolies-Mezvinsky, which contrary to Plaintiff's assertion, did not involve injuries sustained during a turbulent flight as a result of the operation of an airplane in midair. Rather, in Margolies-Mezvinsky, the plaintiff sought recovery for injuries received when a piece of luggage fell from an overhead luggage compartment after the plane had landed and arrived at its gate. Relying on Abdullah, this Court correctly held that "the FAA Act preempts the **entire field of airline safety**." Id. at *6

(emphasis added). Nothing in this Court's opinion limits preemption to claims involving the operation of aircraft. Plaintiff's claims are preempted by the Federal Aviation Act and therefore, ExpressJet is entitled to summary judgment.

B.    **Plaintiff Has Not Alleged Violation of Federal Standard**

Plaintiff states that if the FAA does apply, his common law negligence claims are not barred and attempts to argue that ExpressJet has violated the "general standard of care pursuant to federal law." See Plaintiff's Response, at p. 7. Plaintiff's reliance on Abdullah to support his argument is misplaced. In Abdullah, the Third Circuit left open the possibility that a cause of action could exist where the plaintiff has alleged the violation of a federal standard of care. The essential requisite to such a cause of action, however, is the allegation of a violation of a federal standard of care.

Plaintiff has failed to allege the violation of a federal standard of care. Indeed, the Amended Complaint does not allege the existence of a single federal statute or federal standard of care which ExpressJet is alleged to have violated. See Amended Complaint, Exhibit "A". Rather, the Amended Complaint merely alleges state common law negligence claims. These claims are preempted by the Federal Aviation Act and therefore, ExpressJet is entitled to summary judgment.

C.    **Plaintiff Has Failed to Establish Legal Causation**

Plaintiff makes no attempt to distinguish the case law cited by ExpressJet in its Motion for Summary Judgment. Specifically, Plaintiff makes no attempt to distinguish the Galullo case, which is directly on point. As in Galullo, Plaintiff's claims that he lost balance on the stairway are "nothing more than pure speculation and conjecture." Galullo, 937 F. Supp. at 399.

Plaintiff also fails to distinguish case law cited in ExpressJet's Motion for Summary Judgment which requires Plaintiff to produce **evidence** to show that it is more likely that the event was caused by negligence than it was not. <u>Galullo</u>, 937 F. Supp. at 397. Rather, Plaintiff points to his answers to Interrogatories setting forth his theory of how the accident occurred. What Plaintiff does not do, however, is produce **evidence** that it is more likely than not that his fall was caused by ExpressJet's negligence.

           Respectfully submitted,

           COZEN O'CONNOR


BY:_____
       Ann Thornton Field, Esquire
       Identification No. 52130
       Denise H. Houghton, Esquire
       Identification No. 54989
       Sara Anderson Frey, Esquire
       Identification No. 82835
       1900 Market Street, The Atrium
       Philadelphia, PA  19103
       (215) 665-2000

Date:  September 5, 2003

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendants, ExpressJet Airlines, Inc., do hereby certify that a copy of Defendant's Reply Brief in Support of their Motion for Summary Judgment, has been served upon opposing counsel via first class mail, postage prepaid this 5th day of September, 2003, as follows:

>Gavin P. Lentz, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA 19102



>_____
>Sara Anderson Frey, Esquire