**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES M. HAZLETT | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | No. 02-CV-4840 |
| EXPRESSJET AIRLINES, INC., | : | |
| et, al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this          day of September, 2003, upon consideration of Defendant ExpressJet Airlines, Inc.'s Motion for Summary Judgment (Document No. 12), and responses thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED.[1]  All

---

[1] In deciding a motion for summary judgment under Fed. R. Civ. P. 56(c), a court must determine "whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law." Medical Protective Co. v. Watkins, 198 F.3d 100,103 (3d Cir. 1999).  When making this determination, courts should view the facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  For its part, the non-moving party must, through affidavits, admissions, depositions, or other evidence, demonstrate that a genuine issue exists for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
    Plaintiff has sued ExpressJet Airlines, Inc. alleging negligent operation of their airline, under a state law claim of negligence.  Defendant argues that Summary Judgment must be entered because Plaintiff has not alleged the violation of a federal standard of care, but rather asserted common law state tort claims, which are preempted by federal law.  The Third Circuit and this Court has held that the "federal law establishes the applicable standards of care in the field of air safety, generally, thus preempting the entire field of airline safety." Abdullah v. American Airlines, Inc., 181 F.3d 363, 367 (3d. Cir. 1999); Mezvinsky v. U.S. Airways, Inc., 2000 U.S. Dist. LEXIS 736

claims against Defendant ExpressJet Airlines, Inc. are hereby DISMISSED WITH PREJUDICE.

                                          BY THE COURT:

                                          _____
                                          J. CURTIS JOYNER, J.

---

(E.D. Pa. 2000). As a result of <u>Abdullah</u>, it is clear that Plaintiff's case cannot be based upon a state law standard of care, because the FAA Act preempts the entire field of airline safety.

    In Plaintiff's Memorandum of Law in Support of His Opposition to Defendant's Motion for Summary Judgment, Plaintiff alleged that Defendant's conduct constituted a clear violation of the general standard of care pursuant to federal law. However, Plaintiff has not introduced any evidence supporting this proposition. Plaintiff has submitted an Expert Report, which at best establishes ordinary negligence. Because Plaintiff has failed to produce any evidence establishing a violation of a federal standard of care, Defendant's Motion for Summary Judgment is granted.