UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES M. HAZLETT | : |
| Plaintiff, | : NO. 02-CV-4840 |
| v. | : |
| EXPRESS JET AIRLINES, INC. et al. | : |
| Defendants. | : JURY TRIAL DEMANDED |

PLAINTIFF S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR RECONSIDERATION

Plaintiff, Michael J. Hazlett requests this Honorable Court pursuant to Fed. R. Civ. P. 59(e) to reconsider its ruling, granting Defendant, ExpressJet Airlines, Inc. *et. al.* s Motion for Summary Judgment, dated September 22, 2003. (Attached hereto as Exhibit  A. )

**A.  THIS COURT ERRED BY CONCLUDING THAT PLAINTIFF FAILED TO ALLEGE A VIOLATION OF A FEDERAL STANDARD OF CARE WHERE PLAINTIFF PROVIDED EXPERT OPINIONS ON DEFENDANT S CARELESSNESS IN OPERATING THE AIRCRAFT**

**1.  The FAA Does Not Preempt Common Law State Claims : It Only Preempts The Standard Of Care.**

The law in this Circuit provides that only the ***standards of care*** for the operation of aircrafts are preempted by the FAA, not the state remedies, including state common law claims. *See Abdullah*, 181 F.3d 363, 375. (Emphasis added); (*see also Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1442 (10th Cir. 1993) (quoting the FAA s savings clause which provides in relevant part that:  Nothing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such

remedies. ) . Consequently, state common law claims of negligence are not barred if the negligence was caused by a violation of a federal standard of care. Because not all federal regulations involving aviation cover the applicable standard of care, the Third Circuit has held that there is an overarching general standard of care under the FAA and its regulations. *Abdullah*, 181 F.3d at 364, 371. This general federal standard of care arises in particular from C.F.R. §91.13(a), which provides:

> No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

*Id*. Although careless or reckless manner has not been particularly defined in this Circuit, the Third Circuit in *Abdullah* concluded that evidence on reasonable standard of care should not have been excluded if its is compatible with the general federal standard of care.

The Third Circuit in *Abdullah* stated:

> [W]e do not agree with the District Court s determination that evidence on reasonable standard of care should necessarily have been excluded as long as a reasonable standard of care is compatible with an avoidance of carelessness or recklessness in operation of the aircraft.

*Id*. at 365.

Here, Plaintiff, as this Court recognized, has introduced evidence which establishes ordinary negligence based upon a reasonable standard of care standard. (See Opinion, p.2 fn. 1.) Because no specific federal regulations or standards of care are applicable to the facts of this case,[1] the general federal standard of care, *i.e.* operating the aircraft in a careless or reckless

---

[1] Although Defendants have cited several federal regulations in their Brief, they failed to state any federal standard of care applicable to the facts of this case. Indeed, even though Defendants may have complied with some of the cited federal regulations or certification, such compliance does not absolve Defendants from liability. *See Cleveland*, 985 F.2d 1438 (1993)(stating that FAA approval is not intended to be the last word on safety. )

manner, applies. Plaintiff has provided expert testimony on the violations of the reasonable standard of care which is compatible and not in conflict with the general federal standard of care as set forth above. Any other interpretation of the general federal standard of care would place a higher burden on Plaintiff s and immunize airliners from suit. Such a result was not intended by the FAA. Respectfully, this Court erred in granting Defendant s Motion for Summary Judgment. Plaintiff has produced evidence establishing a violation of a federal standard of care.

## CONCLUSION

Based on the foregoing and for the reasons set forth in Plaintiff s Opposition to Defendants Motion for Summary Judgment, Plaintiff respectfully requests this Honorable Court to reconsider its ruling and deny Defendant s Motion for Summary Judgment based on preemption.

        Respectfully submitted,

        **BOCHETTO & LENTZ, P.C.**

        By: _____
            Gavin P. Lentz, Esquire
            Vincent van Laar, esquire
            Attorneys for plaintiff
            1524 Locust Street
            Philadelphia, PA 19102