UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. HAZLETT, : | |
| : | |
| Plaintiff, : | |
| : | No. 02-CV-4840 |
| v. : | |
| : | |
| EXPRESSJET AIRLINES, INC. et al. : | |
| : | |
| Defendants. : | |

**DEFENDANT EXPRESSJET AIRLINE'S RESPONSE
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant ExpressJet Airlines, Inc. ("ExpressJet"), by and through its undersigned counsel, Cozen O'Connor, hereby files this Response to Plaintiff's Motion for Reconsideration. For the reasons set forth in the accompanying Memorandum of Law, Defendant respectfully requests that this Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

COZEN O'CONNOR

BY:_____
 Ann Thornton Field, Esquire
 Identification No. 52130
 Denise H. Houghton, Esquire
 Identification No. 54989
 Sara Anderson Frey, Esquire
 Identification No. 82835
 1900 Market Street, The Atrium
 Philadelphia, PA 19103
 (215) 665-2000

Date: October 16, 2003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES M. HAZLETT, :
:
        Plaintiff, :
: No. 02-CV-4840
v. :
:
EXPRESSJET AIRLINES, INC. et al. :
:
        Defendants. :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EXPRESSJET AIRLINE'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

In seeking reconsideration of this Court's order granting summary judgment in favor of Defendant, Plaintiff claims that this Court erred in finding that Plaintiff failed to allege a violation of federal standard of care. Plaintiff's claim is without merit.

Interestingly, in response to Defendant's Motion for Summary Judgment, Plaintiff unequivocally stated that

> Here, Mr. Hazlett was not injured, as a result of the "operation" of the aircraft, but rather due to Defendant's failure to provide any ground assistance to Mr. Hazlett when he was deplaning the aircraft from a stairway, which Defendant knew was dangerous. Such negligence does not involve the "operation" of the aircraft or concern aviation safety, as intended by the Legislature. Thus, Mr. Hazlett's claim is not preempted by the FAA.

See Plaintiff's Response to Motion for Summary Judgment, pp. 5-6 (footnote omitted). In seeking reconsideration of this Court's order, however, Plaintiff now argues that Defendant has violated a federal standard of care prohibiting the **operation** of an aircraft in a careless or reckless manner. See Motion for Reconsideration, p. 2.

As Plaintiff appeared to acknowledge in response to Defendant's Motion for Summary Judgment, the allegations in this action are common law negligence claims. Nowhere in the

Amended Complaint does Plaintiff allege the existence of a single federal statute or federal standard of care which ExpressJet is alleged to have violated. As Plaintiff has acknowledged, his claims do not involve the operation of an aircraft in a careless or reckless manner, but involve the alleged negligence of ExpressJet's deplaning procedures and equipment.

Moreover, even if Plaintiff had pleaded the violation of a federal statute or federal standard of care, this Court correctly found that Plaintiff failed to produce evidence establishing such a violation. Plaintiff's reliance on his expert report is misplaced. Plaintiff's expert does not opine that ExpressJet violated a federal standard of care. To the contrary, Plaintiff's expert opines that the handrail was a "hazardous condition" and that ExpressJet employees did not properly assist Plaintiff in exiting the stairs. As this Court correctly noted, such allegations, if true, which ExpressJet contests, "at best establishes ordinary negligence." See Order dated September 22, 2003 (emphasis added).

For all the foregoing reasons, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

COZEN O'CONNOR


BY:_____
Ann Thornton Field, Esquire
Identification No. 52130
Denise H. Houghton, Esquire
Identification No. 54989
Sara Anderson Frey, Esquire
Identification No. 82835
1900 Market Street, The Atrium
Philadelphia, PA  19103
(215) 665-2000

Date: October 16, 2003

2

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, Esquire, attorney for Defendant, ExpressJet Airlines, Inc., do hereby certify that a copy of Defendant's Response to Plaintiff's Motion for Reconsideration, has been served upon opposing counsel via first class mail, postage prepaid this 16th day of October, 2003, as follows:

>Gavin P. Lentz, Esquire
>Bochetto & Lentz, P.C.
>1524 Locust Street
>Philadelphia, PA  19102



_____
Sara Anderson Frey, Esquire