IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. HAZLETT | : | CIVIL ACTION |
| | : | |
| | : | 02-4840 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EXPRESSJET AIRLINES, INC. et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this        day of November, 2003, upon consideration of Plaintiff James M. Hazlett's Motion for Reconsideration (Document No. 17) and Defendant ExpressJett Airlines' response thereto (Document No. 18), it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] "A federal district court will grant a motion for reconsideration based upon one of three reasons: (1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent a manifest injustice." See Gen. Instrument Corp. Of Delaware v. NU-TEK Elecs. and Mfg., Inc., 3 F.Supp.2d. 602 (E.D.Pa. 1998) (internal quotations omitted). A party's mere "dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Central Reserve Life Ins. Co. v. Marello, 2001 WL 41129*1 (E.D.Pa. 2001). "It is improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through-rightly or wrongly.'" Glendon v. Energy Co. V. Bor. Of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (citations omitted).

Plaintiff fails to show that any of the three reasons for granting reconsideration is present. Plaintiff merely points to evidence that the Court already considered and found insufficient to establish a breach of the general federal standard of care. Therefore, Plaintiff's motion for reconsideration is DENIED.

BY THE COURT:

_____
J. CURTIS JOYNER, J.